# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-20117** |
| | ) | |
| **GREGORY JORDAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Defendant Gregory Jordan pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. He was sentenced to 168 months' imprisonment. Mr. Jordan has now filed a motion requesting transcripts of his sentencing hearing (doc. 110), asserting that he lacks funds to pay for the transcripts but needs them to "prepare to work on his case."

Title 28, Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Because Mr. Jordan has no current pending motion, the standard set forth in § 753(f) warrants denial of his request. *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a

nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying the § 753(f) standard to a defendant's request for documents). Moreover, a habeas petition must be filed to trigger the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at * 1.

Thus, Mr. Jordan's request for transcripts fails because there is nothing currently pending before this court.

**IT IS ORDERED BY THE COURT** that defendant's motion for transcripts (doc. 110) is denied.

**IT IS SO ORDERED** this 19th day of May, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge