# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                                  |   |                    |
|----------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,        | ) |                    |
|                                  | ) |                    |
| Plaintiff,                       | ) |                    |
|                                  | ) |                    |
| v.                               | ) | Case No. 08-20117  |
|                                  | ) |                    |
| GREGORY JORDAN,                  | ) |                    |
|                                  | ) |                    |
| Defendant.                       | ) |                    |

## MEMORANDUM AND ORDER

Defendant Gregory Jordan pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. He was sentenced to 168 months' imprisonment. Mr. Jordan has now filed a motion asking this court to compel his former attorneys to provide him with their work product file (doc. 113). Both former attorneys responded (docs. 115 & 117), as did the Government (doc. 120). In light of these filings and for the reasons discussed below, Mr. Jordan's motion is denied.

According to Mr. Jordan's motion, he needs "his former attorneys' work-product file and all related materials in this case to perfect a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255." In response, both attorneys (Michael Harris of the Federal Public Defender's Office, and Dionne M. Scherff of Erickson Scherff, LLC) represented that they would provide him with typical work product items, including "those items reduced to writing created as a part of the preparation of the defense of the

case" (doc. 115, p.3) and "file notes, correspondence to and from Mr. Jordan, and correspondence from counsel to third parties" (doc. 117, p. 2). The Government had no objection.

It seems, from the tone of the attorneys' responses, that Mr. Jordan never in fact requested files from them. (Doc. 115, p. 3: "[Mr. Harris] was not aware that [Mr. Jordan] wanted anything from his file until Document 13 was filed with the Court on June 9, 2010.") Moreover, both attorneys appear perfectly willing to provide Mr. Jordan the documents to which he is entitled. Based on those representations, then, Mr. Jordan's motion is denied as moot.

All attorneys involved, however, objected to providing Mr. Jordan with documents containing information that might pose security threats to Mr. Jordan or others, including confidential informants, undercover agents, or other clients. This court agrees. Mr. Jordan has provided no reason why he would be entitled to those documents. To the extent his motion request those items, it is denied.

**IT IS ORDERED BY THE COURT** that defendant's motion to compel (doc. 113) is denied.

**IT IS SO ORDERED** this 13th day of August, 2010.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge