# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                    |   |                      |
|------------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,          | ) |                      |
| Plaintiff/Respondent,              | ) |                      |
| v.                                 | ) | Case No. 08-20117    |
|                                    | ) | 10-2566              |
| GREGORY D. JORDAN,                 | ) |                      |
| Defendant/Petitioner.              | ) |                      |

## MEMORANDUM AND ORDER

In 2009, Defendant Gregory D. Jordan pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. In the plea agreement executed by Mr. Jordan, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). Mr. Jordan was sentenced to 168 months in prison.

Mr. Jordan's case is once again before this court because he has filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 125), raising several arguments. Mr. Jordan argues that his attorney was ineffective for failing to argue that the statute under which Mr. Jordan was convicted was not intended to punish his particular conduct. He also claims that his attorney was ineffective for not emphasizing to the court that Mr. Jordan was only nineteen years old at the time. Mr. Jordan also asserts that the plea

agreement was invalid in light of prosecutorial fraud. And he maintains that the plea waiver is invalid because of his age and because he did not understand what he was waiving.

In response (doc. 132), the Government asserts that the waiver in Mr. Jordan's plea agreement should be enforced and that the court should dismiss his § 2255 motion.

In light of the plea waiver and for the reasons discussed below, Mr. Jordan's § 2255 motion is dismissed.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1.     Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*,

374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Jordan waived his right to challenge his sentence through collateral attack states as follows:

> the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release) . The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. §2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (l0th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(c), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(c).

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Jordan clearly waived the right to challenge the applicability of the statute or his attorney's failure to raise certain arguments to the court during the proceedings. His arguments concerning the voluntariness of the waiver

3

will be discussed below.

**2.      Knowing and Voluntary**

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here.  Paragraph 9 of Mr. Jordan's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Jordan, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Jordan assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea

4

colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal).

Mr. Jordan now suggests that the plea agreement is invalid given "prosecutorial misconduct involving fraud." He does not, however, explain this allegation or provide any additional detail. Without more, such a conclusory statement cannot serve as the basis for any type of habeas relief. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

Mr. Jordan also claims that this plea was not knowing or voluntary because of his age and because he did not understand the waiver. The court and Mr. Jordan's attorney were both aware of Mr. Jordan's cognitive limitations, which are more important than his actual age, and both took care during the Rule 11 colloquy to thoroughly explain the effect of the plea agreement. Moreover, Mr. Jordan's affirmative answers in open court belie his statements now. "Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

**3.     Miscarriage of Justice**

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Mr. Jordan makes no argument that the waiver will result in a miscarriage of justice.

**4.  Conclusion**

Having concluded that enforcing the waiver contained in Mr. Jordan's plea agreement will not result in a miscarriage of justice, the court dismisses Mr. Jordan's § 2255.

**5.  Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

---

[1] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

6

claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Jordan has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 125) is dismissed.

**IT IS SO ORDERED** this 28th day of February, 2011.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge