# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
|  | ) |
| **Plaintiff/Respondent,** | ) |
|  | ) |
| **v.** | )    **Case No. 08-20117** |
|  | )               **10-2366** |
| **GREGORY D. JORDAN,** | ) |
|  | ) |
| **Defendant/Petitioner.** | ) |
|  | ) |

## MEMORANDUM AND ORDER

In 2009, Defendant Gregory D. Jordan pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. He was sentenced to 168 months in prison. Mr. Jordan then filed a § 2255 petition to vacate his sentence, which this court dismissed (doc. 134) in light of the waiver contained in Mr. Jordan's plea agreement. Mr. Jordan has now filed a motion to reconsider that denial (doc. 135).

A motion asking the court to reconsider a previous ruling shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence.'") (quotation and internal quotation marks omitted). Thus, a motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* at 1012.

For the most part, Mr. Jordan merely repeats his arguments that there is no legal basis for his conviction because the statute at issue was not intended to cover his actions and because Title 21 "was never enacted into positive law." The main issue in the court's resolution of Mr. Jordan's § 2255 motion was whether to enforce the waiver; the arguments Mr. Jordan makes in his motion to reconsider do not address that point and are thus irrelevant.

Mr. Jordan has, however, recharacterized or clarified one of his arguments. In his § 2255 motion, Mr. Jordan asserted that his attorney was ineffective for failing to argue that the statute did not apply to his actions—conspiring to rob a fictitious stash house of drugs that never existed. He now has tied that argument directly and explicitly to the issue of whether his waiver was knowing and voluntarily. Specifically, he suggests that the waiver was unknowing because he would not have signed it if his attorney had told him that there was even a de minimus possibility that the statute was not designed to punish his conduct.

The failure of Mr. Jordan's attorney to discuss this argument with him does not render his waiver unknowing. *See, e.g.*, *United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances–even though the defendant may not know the specific

detailed consequences of invoking it.") (emphasis in original). Moreover, the argument itself is substantively flawed, *see United States v. Roberts*, 14 F.3d 502, 510 (10th Cir. 1993) (legal impossibility not a defense to conspiracy); *United States v. Rodriguez*, 360 F.3d 949, 957 (9th Cir. 2004) ("[T]he non-existent status of the target drug traffickers is inapposite. Impossibility is not a defense to the conspiracy charge."), and so Mr. Jordan's attorney was under no obligation to raise it.

Even construing Mr. Jordan's motion liberally, the court can find no reason to reconsider its prior order enforcing the waiver in the plea agreement. Moreover, Mr. Jordan has not made a substantial showing of the denial of a constitutional right. The court therefore again denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion to reconsider (doc. 135) is denied.

**IT IS SO ORDERED** this 3rd day of June, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge