IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                              Case No. 08-20117-01-JWL

**Gregory D. Jordan,**

      **Defendant.**

## MEMORANDUM & ORDER

In September 2008, defendant Gregory D. Jordan was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine and two firearms-related offenses. On June 10, 2009, Mr. Jordan entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties proposed the assessment of "a Guideline offense level of 31, for a sentencing range of 135 months to 168 months in prison, with the defendant agreeing not to request less than 156 months and the Government not requesting more than 168 months." The agreement did not specify Mr. Jordan's criminal history category and disclaimed reliance on the Guidelines, by asserting that the proposed sentence "is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C)" such that "the parties are not requesting imposition of an advisory guideline sentence."

A presentence investigation report was prepared and calculated Mr. Jordan's base offense level at 34 pursuant to U.S.S.G. § 2D1.1, with a two-level enhancement for firearm possession and a three-level reduction for acceptance of responsibility, for a total offense level of 33. Mr. Jordan's criminal history category was III, resulting in a guidelines range of 168 to 210 months.

On October 20, 2009, the court imposed a sentence of 168 months to be followed by 5 years of supervised release. Mr. Jordan has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. As will be explained, the motion is dismissed for lack of jurisdiction.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

In the context of a Rule 11(c)(1)(C) plea agreement, a sentence is deemed "based on" a guidelines range for purposes of § 3582(c)(2) relief only when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or when the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specific term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman v. United States*, 131 S. Ct. 2685, 2697-98 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding"). The court must determine, then, whether Mr. Jordan's plea agreement calls for Mr. Jordan "to be sentenced within a particular Guidelines range" or,

alternatively, whether the agreement expressly uses a Guidelines sentencing range to establish Mr. Jordan's term of imprisonment.

In his motion, Mr. Jordan contends that his sentence was "based on" a specific Guidelines range—namely, the advisory Guidelines range calculated in the PSR—because the court "anchored its sentence" to the low-end of that range. In support of this argument, Mr. Jordan highlights that the court, at the sentencing hearing, explained its sentence of 168 months by stating "That is the low end of what the guideline range would otherwise have been, and I think that's an important factor here." As Justice Sotomayor recognized in *Freeman*, however, the fact that a district court uses the Guidelines as a yardstick in deciding whether to accept a Rule 11(c)(1)(C) agreement does not transform the sentence into one that is "based on a particular Guidelines sentencing range." 564 U.S. at 535-36. And the Tenth Circuit has flatly rejected the argument that a district court's consideration of the Guidelines during sentencing is sufficient to demonstrate that an agreement is based on a particular Guidelines sentencing range. *United States v. Price*, 627 Fed. Appx. 738, 742 (10th Cir. 2015). In this case, the court sentenced Mr. Jordan to a term within the parties' agreed-upon sentencing range and looked to the otherwise applicable Guidelines range as a yardstick for measuring the appropriateness of that sentence. *See United States v. Garrett*, 758 F.3d 749, 755 (6th Cir. 2014) (Freeman instructs that, in the Rule 11 context, "what the sentencing judge said and did is largely irrelevant"); *United States v. Weatherspoon*, 696 F.3d 416, 422 (3rd Cir. 2012) (Under Justice Sotomayor's approach in Freeman, any statements made by the District Court at sentencing are irrelevant to the analysis of whether the sentence is based on a Guidelines sentencing range).

3

The court notes that in the agreement itself, the parties proposed "assessing a Guidelines offense level of 31, for a sentencing range of 135 months to 168 months," with additional modifications as to what the parties were entitled to request within that range.  Significantly, however, Mr. Jordan does not contend that the agreement, in light of the specific range identified, calls for him to be sentenced within "a particular Guidelines sentencing range" for purposes of *Freeman* or that the agreement expressly uses a Guidelines sentencing range to establish Mr. Jordan's term of imprisonment for purposes of *Freeman*.[1]  Of course, the agreement itself expressly disavows any specific link to the Guidelines and noted that "the parties are not requesting imposition of an advisory guideline sentence."  This provision would indeed make it difficult for Mr. Jordan to now argue that the parties' agreement calls for Mr. Jordan to be sentenced within a particular Guidelines range or that the agreement expressly uses a Guidelines range to establish the proposed term of imprisonment.

Moreover, *Freeman* suggests that an agreement will be deemed to utilize a "particular Guidelines sentencing range" only when that range is the Guidelines range applicable to the charged offense.  564 U.S. at 534, 540 (if an 11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense" and that range is subsequently lowered by the Commission, the defendant is eligible for a reduction); *accord United States v. White*, 765 F.3d 1240, 1247 (10th Cir. 2014) (Rule 11(c)(1)(C) pleas are "based on" a Guidelines sentencing range "only when the agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses.").  The sentencing range agreed upon by the parties

---

[1] In fact, Mr. Jordan seeks a two-level reduction only from the Guidelines range set forth in the PSR.  In other words, Mr. Jordan never seeks a reduction from the sentencing range utilized in the agreement.

4

here is lower than the Guidelines range applicable to Mr. Jordan as set forth in the PSR.  *See United States v. Dixon*, 687 F.3d 356, 360-62 (7th Cir. 2012) (defendant not eligible for sentence reduction where Rule 11(c)(1)(C) agreement proposed a binding sentencing range that was lower than the applicable Guidelines range as calculated by offense level and criminal history score).

Nor does the parties' agreement "make clear" that the basis for the agreed-upon range is a "Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 546 U.S. at 539.  The parties' agreement references a Guidelines offense level and a specific sentencing range, but there is no clear link in the agreement itself between the Guidelines and the range because key information necessary to establish that link (such as Mr. Jordan's criminal history score) is missing from the Agreement.  *See United States v. Jones*, ___ Fed. Appx. ___, 2015 WL 8757254, at *3 & n.1 (10th Cir. Dec. 15, 2015) (defendant not eligible for reduction where 11(c)(1)(C) agreement did not provide all information necessary to independently calculate the applicable Guidelines sentencing range—specifically, the defendant's criminal history category) (citing *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012) (noting that because "the plea agreement does not contain any information about Austin's criminal history category," it was "impossible" to determine whether the agreement employed a particular sentencing range); *United States v. Rivera–Martinez*, 665 F.3d 344, 349 (1st Cir. 2011) (explaining that when the agreement does not specify the defendant's criminal history category, that "silence . . . makes it impossible to conclude from the Agreement alone that the proposed sentence is based on a specific sentencing range")).

In short, the written terms of the parties' agreement do not call for Mr. Jordan to be sentenced within a particular Guidelines sentencing range and do not "make clear" that the basis for the specified range is a Guidelines sentencing range applicable to the offense to which Mr. Jordan pleaded guilty. *See Freeman*, 546 U.S. at 539. Because the agreement does not expressly use a Guidelines sentencing range, Mr. Jordan is not eligible for a sentence reduction under 3582(c)(2) and the court lacks jurisdiction to modify Mr. Jordan's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jordan's motion to reduce sentence (doc. 188) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge