# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

      **Plaintiff,**

v.                                              **Case No. 08-20117-01-JWL**

Gregory D. Jordan,

      **Defendant.**

## MEMORANDUM & ORDER

In September 2008, defendant Gregory D. Jordan was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine and two firearms-related offenses. On June 10, 2009, Mr. Jordan entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties proposed the assessment of "a Guideline offense level of 31, for a sentencing range of 135 to 168 months in prison, with the defendant agreeing not to request less than 156 months and the Government not requesting more than 168 months." The PSR calculated a sentencing range of 168 to 210 months. On October 20, 2009, the court imposed a sentence of 168 months, noting that 168 months "was the low end of what the guideline range would otherwise have been."

In April 2016, this court held that Mr. Jordan was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Tenth Circuit reversed that decision and remanded the case to this court for further proceedings. Pursuant to the Circuit's decision, Mr. Jordan's Rule 11(c)(1)(C) agreement does not render Mr. Jordan ineligible for a reduction in his sentence and, as a result, this court has jurisdiction to hear the merits of Mr. Jordan's motion. In other words,

a reduction in this case is authorized. *See United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) ("§ 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*") (emphasis in original).

At the court's request, the parties have now submitted supplemental briefing on whether and to what extent "an authorized reduction is in fact *warranted*" in this case. *See id.* (the second question, a matter of discretion, is whether "an authorized reduction is in fact *warranted*") (emphasis in original). In determining whether a sentence reduction is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The government contends that no reduction is warranted because of Mr. Jordan's disciplinary record while in the custody of the Bureau of Prisons. The court rejects this argument, as it has done in numerous other cases. The court continues to believe that a defendant's post-sentencing misconduct should not prevent him or her from receiving an adjustment to which he or she is otherwise entitled, in large part because the Bureau of Prisons has adequate sanctions at its disposal to address any violations. Moreover, in resentencing eligible defendants under Amendment 782, the court's task is to determine what sentence a particular defendant should have received had the revised drug tables been in effect at that time. That determination necessarily would not include post-sentencing misconduct. Thus, absent any

indication from the Tenth Circuit that the court must or should take into account post-sentencing conduct (as opposed to recognizing that a court has discretion to consider post-sentencing conduct), the court will continue to permit the BOP to address a defendant's post-sentencing misconduct rather than punishing a defendant for that conduct in connection with resentencing under Amendment 782.

For the foregoing reasons, the court concludes that a reduction is warranted. As Mr. Jordan highlights in his brief, the Circuit did not determine whether the range applicable to Mr. Jordan for purposes of resentencing is the range proposed by the parties in the plea agreement (135 to 168 months) or the range calculated by the PSR (168 to 210 months) because both ranges were subsequently lowered by Amendment 782. In light of Amendment 782, the range proposed by the parties in the plea agreement is now 108 to 135 months and the range calculated by the PSR is now 135 to 168 months. In his brief, Mr. Jordan asks the court, as it did initially, to sentence him to the low end of the range calculated by the PSR, or 135 months. Mr. Jordan's suggestion is a reasonable one and the court, consistent with its practice, will resentence Mr. Jordan to the same point within the amended range as it did in connection with Mr. Jordan's original sentence. A sentence of 135 months represents the same guideline point in the amended range as the court utilized in calculating Mr. Jordan's initial sentence of 168 months. For the foregoing reasons, the court believes that a sentence of 135 months is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jordan's motion to reduce sentence (doc. 188) is **granted as described herein** and Mr. Jordan's sentence is

**reduced from 168 months to 135 months imprisonment**.  All other provisions of the judgment dated October 20, 2009 shall remain in effect.

        **IT IS SO ORDERED.**

        Dated this  24th  day of October, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
